IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMUNITY SERVICES, INC.        :    CIVIL ACTION
                                :
                                :
            v.                  :
                                :
                                :
WIND GAP MUNICIPAL AUTHORITY    :    NO. 02-8366

MEMORANDUM AND ORDER

McLaughlin, J.                                         April 25, 2006

      This case involves a property at which three mentally retarded women are living in a community living arrangement. The plaintiff provides community mental retardation services for the women at the property. The defendant is a municipal authority that provides sewer services to the property. The plaintiff alleges that the defendant has discriminated against it based upon the handicapped status of the residents by requiring additional fees and applications, changing the classification or status of the property, and failing to provide a reasonable accommodation in violation of the Fair Housing Act and Fair Housing Amendments Act, 42 U.S.C.A. § 3604(f)(2).

      This memorandum addresses the defendant's motion to dismiss on the grounds of mootness. The defendant argues that the case is mooted by its granting of a reasonable accommodation, specifically, a variance reclassifying the property as residential. The plaintiff argues that the defendant has not

satisfied its burden of proving that the case is moot. The Court concludes that the defendant's voluntary granting of the plaintiff's request for a reasonable accommodation in late 2005, which included various caveats, does not render the case moot.

A federal court lacks jurisdiction to hear a claim that does not present a live case or controversy, and is therefore moot. U.S. Const. Art. III, § 2. It is, however, "well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)(quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." Friends of the Earth, Inc., 528 U.S. at 174.

The standard for mootness in cases of voluntary cessation is "stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Gov't of the Virgin Islands, 363 F.3d 276, 285 (3d Cir. 2004). The rationale behind the "stringent" mootness standard in cases of voluntary cessation is that if voluntary cessation of allegedly illegal conduct mooted a case, "the courts would be compelled to leave [defendants] free to return to [their] old

ways." Friends of the Earth, Inc., 528 U.S. at 189 (quoting City of Mesquite, 455 U.S. at 289 n. 10)).  As such, a defendant has a "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again."  Friends of the Earth, Inc., 528 U.S. at 189 (internal quotations omitted). "[T]here are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness."  Id. at 190.

In Gov't of the Virgin Islands, 363 F.3d at 285, the United States Court of Appeals for the Third Circuit applied Friends of the Earth, Inc. and City of Mesquite and found that the defendant had failed to satisfy its "formidable burden of persuading the court that the challenged conduct" could not reasonably be expected to resume.  Id.  The Court noted that the defendant continued to substantively defend its position, and found that "[t]his stance does not bespeak of a genuine belief that the [allegedly unlawful behavior] was of a type that would not be contemplated again."  Id. at 286.  The Court also relied upon the fact that the voluntary cessation had taken place "with litigation lurking a couple of days away" to find that there was "no assurance" that similar behavior would not recur.  Id. at

285.[1]

The events precipitating this litigation commenced in 2000.  In late 2005, the defendant granted the plaintiff's request for a reasonable accommodation "under the existing use and conditions," as indicated in a letter from Robert D. Hahn to Mark K. Altemose dated November 18, 2005.  (Resp. Ex. 26).  The actual Order issued by the defendant states that "[a]ny change in the community living arrangement (CLA) at the property shall require review and approval by the Wind Gap Zoning Hearing Board and all other necessary approvals by the Borough or other agencies as required."  (Repl. Ex. A).  The fact that the granting of the reasonable accommodation could be revoked upon the defendant's determination that a "change" in the living arrangement had taken place indicates the potential for recurrence of the defendant's behavior.

In the motion for reconsideration filed by the defendant on December 20, 2005, the defendant was still arguing, in addition to arguing that a proper accommodation request had not been made, that the evidence did not support a finding that it was required to provide the plaintiff with a reasonable

---

[1] There are also practical considerations weighing against a finding of mootness late in a litigation.  "To abandon [a] case at an advanced stage may prove more wasteful than frugal" in terms of sunk costs to the judicial system.  <u>Friends of the Earth, Inc.</u>, 528 U.S. at 191-92.

accommodation.  The defendant's substantive defense of its position even as it was in the process of granting the accommodation indicates that the behavior could reasonably be expected to recur.

The timing of the voluntary cessation is also relevant, as the court found in <u>Gov't of the Virgin Islands</u>.  The fact that the defendant's granting of the reasonable accommodation occurred three years after the commencement of litigation, and in the face of an impending trial, does not assure the court that the defendant's behavior is unlikely to recur.

For these reasons, the Court finds that the defendant has not satisfied its heavy burden of proving that its conduct cannot reasonably be expected to recur.  The Court expresses no view at this point on the issue of whether the failure to accommodate at an earlier stage was lawful or unlawful.

The defendant argues that the plaintiff cannot proceed solely to recover attorney's fees.  Although it is true that the defendant has refunded the payments that the plaintiff had been paying in excess of residential fees, there may be other forms of damages available to the plaintiff.  In addition, the plaintiff requested declaratory and injunctive relief.  The plaintiff may proceed to trial with these claims.

The Court will address the issue of punitive damages at the time of trial.

5

An appropriate Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


COMMUNITY SERVICES, INC.     :    CIVIL ACTION
                             :
                             :
          v.                 :
                             :
                             :
WIND GAP MUNICIPAL AUTHORITY :    NO. 02-8366
```

ORDER

AND NOW, this 25th day of April, 2006, upon consideration of the defendant's Motion to Dismiss (Docket No. 58), and the response and reply thereto, IT IS HEREBY ORDERED that the motion is DENIED for the reasons set forth in a memorandum of today's date.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.